IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CR-00094-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ARTHUR THORNTON | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's Motion for Bond Pending Sentencing under 18 U.S.C. § 3145. (Doc. No. 12). For the reasons stated below, the Court will deny the motion.

The defendant pled guilty to possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). (Doc. No. 5: Entry and Acceptance of Guilty Plea). After the magistrate judge accepted the plea as knowing and voluntary, he conducted a detention hearing to determine whether the defendant should remain on conditions of release pending sentencing. The instant motion challenges the magistrate judge's decision to detain the defendant

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial detention order. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

The Court has carefully conducted a de novo review of the evidence presented before the magistrate judge and the entire record in this case and finds the magistrate judge's decision to detain the defendant was correct. The proof offered by the defendant fell well below that

required to clearly establish "exceptional reasons why . . . detention would not be appropriate." 18 U.S.C. § 3145(c).[1] However, the factors alleged at the hearing following entry of the guilty plea and in the instant motion are not "clearly out of the ordinary, uncommon, or rare," as required by § 3145(c). United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007). Thus, the Court finds that the defendant was properly detained after entry of his guilty plea.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion for Bond Pending Sentencing, (Doc. No. 12), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation office.

Signed: July 9, 2013

Robert J. Conrad, Jr.
United States District Judge

---

[1] A firearm with obliterated serial number is primarily useful for illicit purposes. United States v. Marzzarella, 614 F.3d 85, 95 (3d Cir. 2010). Therefore, the Court concludes the offense of conviction qualifies as a "crime of violence" for purposes of 18 U.S.C. § 3142(f)(1)(A).